IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FREDDIE FRANCIS, Jr.,**

    **Petitioner,**

   v.                                **CIVIL ACTION NO. 3:08cv127**
                                             **(Judge Bailey)**

**ATTORNEY GENERAL MICHAEL MUKASEY,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On August 15, 2008, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241. The petitioner is an inmate at USP Hazelton which is located in Bruceton Mills, West Virginia. The petitioner challenges both the validity of his conviction and sentence. This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 83.09.

### II. FACTS

On August 18, 1999, the petitioner pleaded guilty to count sixteen of a multi-count indictment charging him with possession with intent to distribute 17.66 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The petitioner was sentenced by the United States District Court for the Western District of Louisiana on March 2, 2000 to 300 months imprisonment. Thereafter he was to be placed on supervised release for five years. See 99-20028-09.

Following submission of a brief pursuant to Anders v. California, 386 U.S. 738 (1967), by unpublished decision dated April 12, 2001, the petitioner's direct appeal was dismissed by the United States Fifth Circuit Court of Appeals for lack of jurisdiction. Specifically, the Fifth Circuit found that

1

the district court was without authority to grant the petitioner's motion to file an untimely notice of appeal as the request was made after the 40 day period prescribed an F.R.A.P 4(b)(4). Therefore, the appellate court was without jurisdiction to consider the petitioner's direct appeal. See 2:99cr-20028–09 (Doc. 389).

On June 11, 2001, the petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 in the United States District Court for the Western District of Louisiana. The petitioner asserted two grounds for relief: (1) that he received ineffective assistance of counsel due to counsel's failure to filed a timely notice of direct appeal; and (2) that his sentence was in violation of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). Following an evidentiary hearing, and Report and Recommendation, the District Court found that as a result of the petitioner's counsel's actions or inactions, the petitioner had been denied his right to direct appeal. Therefore, petitioner's judgment of conviction was reinstated on the court's docket so that he could be afforded the right to file an out-of-time direct criminal appeal and his § 2255 motion was dismissed without prejudice.

The petitioner's conviction and sentence were affirmed by the United States Fifth Circuit Court of Appeals on October 30, 2002. On appeal, the petitioner raised two arguments based upon the Apprendi decision. First, that the district court was bound by the drug quantity alleged in the indictment and should not have used relevant conduct to increase the petitioner's sentencing guideline range. Second, that the fact of prior convictions should not have been used to increase his sentence under the guidelines. The petitioner's request for writ of certiorari was denied by the United States Supreme Court on January 13, 2003.

On January 5, 2004, the petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his federal sentence. On March 4, 2004, the petitioner filed a supplemental pleading asserting the following grounds for relief: (1) that his indictment was defective and that counsel was ineffective because he induced petitioner to plead guilty to this defective indictment; (2) that his

2

counsel was ineffective because counsel permitted petitioner to plead guilty to an ambiguous plea agreement prior to preparation of a pre-sentence investigation report, which agreement did not mention career offender enhancement, firearm enhancement, crack as opposed to powder cocaine or an amount of drugs over that listed in the indictment or the specific count of the indictment to which petition pleaded guilty, thus permitting him to be sentenced for a more serious offense than was stipulated; (3) that his counsel was ineffective because Amendment 591 of the Sentencing Guidelines should be applied retroactively to him; (4) that his counsel was ineffective because counsel incorrectly advised petitioner that the substance at issue was powder rather than crack cocaine, and that his maximum sentence would be 123 months; (5) that counsel was ineffective because counsel failed to object to an alleged breach of the plea agreement, that is, that petitioner would not be prosecuted for other offenses charged in the indictment to which petitioner did not plead guilty, and that counsel failed to demand specific performance of the plea agreement in order that petitioner be sentenced for the amount of drugs for which he pleaded guilty or to which he stipulated his responsibility; (6) that counsel failed to object to sentencing petitioner based on enhanced penalties applicable to crack, instead of powder cocaine, because the enhanced penalties applicable to crack were not set forth in the plea agreement as required by FRCP 32; (7) that counsel was ineffective because counsel failed to investigate whether the substance petitioner possessed was actually crack cocaine; (8) that counsel was ineffective for failing to investigate the circumstances surrounding petitioner's prior aggravated escape conviction and a request a hearing on same, and for failing to object to the use of this prior conviction in determining petitioner's status as a career offender; (9) that counsel was ineffective for failing to object to petitioner's sentence which was allegedly based on the wrong statutory and guideline provisions; and (10) that appellate counsel was ineffective for failing to assert a claim of "illegal sentence" on appeal.

On July 30, 2004, the United States Magistrate Judge issued a Report and Recommendation

in which he recommended that all of the petitioner's claims be denied as second or successive, except his claims of ineffective appellate counsel and that trial counsel failed to object to sentencing based on drug amounts which were not stipulated in the plea agreement. Moreover, after thorough consideration of these remaining two claims, the United Sates Magistrate Judge recommended that those grounds be denied and dismissed with prejudice as well. On August 30, 2004, the United States District Judge adopted the Report and Recommendation and ordered the petition denied and dismissed with prejudice.

### III. CLAIMS OF PETITION

In his Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241, the petitioner raises the following grounds for relief. First, he alleges that his guilty plea was obtained in violation of the Constitution and laws of the United States because it was entered into unknowingly. In support of this allegation, the petitioner asserts that the District Judge imposed a consecutive sentence as the result of the deception of the United States government and the District Court erroneously used a statement made by the petitioner during a meeting between himself and the U.S. Government. Second, the petitioner alleges the United States Government breached the petitioner's guilty plea agreement in violation of the constitution and laws of the United States under the Due Process Clause. In support of this allegation, the petitioner asserts that the government stood silent while the court imposed a consecutive sentence taking him above the minimum guidelines sentence contained in the agreement. The petitioner further asserts that the U.S. Attorney had promised the petitioner that his pending drug case would not be discussed during the meeting that included the FBI and that his statement concerning drugs would not be used against him. Additionally, the petitioner asserts that the U.S. Attorney improperly used his statement concerning a key of crack. The petitioner's third allegation is that the supervised release statute violates the federal probation act and the decisions of the United States Supreme Court because supervised release is nothing more than probation disguised under another

moniker. As relief, the petitioner seeks an order for his immediate release from federal custody.

## IV. ANALYSIS

Except as discussed below, a motion filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. § 2242 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence). Because the petitioner herein is seeking to have his sentence modified or vacated, he is seeking §2255 relief not §2241 relief. See In re Jones, 226 F.3d 328 (4th Cir. 2000).

However, despite the fact that a § 2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, § 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of what is known as the Section 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy through a § 2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S..C. § 2255. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). It is well established that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2001). Furthermore, § 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under the section is time-barred. United States v. Laurie, 207 F.3d 1075, 1077 (8th Cir. 2000).

5

The Fourth Circuit has examined the prerequisites for finding that §2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[1]

Id. at 333-34.

Although the petitioner has raised the savings clause[2], it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of Jones, violation of 21 U.S.C. § 841(a)(1) remains a criminal offense, and therefore the petitioner cannot satisfy the second element of Jones. Therefore, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and he has improperly filed a §2241 petition.

Furthermore, although the petitioner does not cite a specific Supreme Court decision that post dates his conviction, the petitioner may be referring to the holdings in Blakely v. Washington, 542

---

[1]The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. § 2255; see Jones, 226 F.3d at 330.

[2]In his petition, in response to the inquiry why § 2255 is inadequate or ineffective to test the legality of his detention, the petitioner notes that: "[he] was not able to discovered (sic) the present grounds due to the deception of the U.S. Government, which the decision of the Supreme Court post date the filing of petitioner's first 28 U.S.C. 2255 motion the Anti-terrorism Gatekeeping."

U.S. 296 (2004) and United States v. Booker, 542 U.S. 220 (2005). Blakely, as an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000),[3] holds that the imposition of sentencing enhancement, which was based solely on the sentencing court's factual findings, violates the defendant's Sixth Amendment rights because the facts supporting the findings were neither admitted nor found by a jury. In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court issued a two part decision. In the first part, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal.

Although the Court held in Booker that its decision applies to all cases on direct appeal, it did not address whether its decision applied to cases on collateral review. However, the Fourth Circuit has determined that it does not apply retroactively.[4] Because the petitioner's conviction became final prior to the issuance of the Booker decision on January 12, 2005, the petitioner is not entitled to have said decision applied retroactively to his sentence, and to the extent that its holding might otherwise have an application to the instant petition, the Court is barred from considering it.

## IV. **RECOMMENDATION**

---

[3] The decision in Apprendi, establishes that "[0]ther than the facts of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

[4] The Fourth Circuit Court's decision in United States v. Morris, 429 F.3d 65 (2005) notes that its decision that Booker does not apply retroactively to cases on collateral review, is in conformity with nine circuit courts of appeals that have considered the issue.

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: September 19, 2008

     /s/ James E. Seibert
     JAMES E. SEIBERT
     UNITED STATES MAGISTRATE JUDGE