# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**FREDDIE FRANCIS, JR.**,

      Petitioner,

v.                                                               **Civil Action No. 3:08-cv-127**
                                                                       **(BAILEY)**

**ATTORNEY GENERAL MICHAEL MUKASEY**,

      Respondent.

## ORDER OVERRULING OBJECTIONS TO THE REPORT AND RECOMMENDATION AND ORDER ADOPTING REPORT AND RECOMMENDATION

This case is pending before this Court on the Opinion/Report and Recommendation (hereinafter "R&R") filed by Magistrate Judge James E. Seibert [Doc. 6] and the Petitioner's Objections to Report and Recommendation [Doc. 10] regarding petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. After reviewing the R&R, the record, and the arguments of the parties, the Court finds that petitioner's objections to the R&R should be **OVERRULED**, the R&R should be **ADOPTED**, and petitioner's Application under § 2241 should be **DENIED**.

## BACKGROUND

On August 18, 1999, the petitioner pleaded guilty to count sixteen of a multi-count indictment charging him with possession with intent to distribute 17.66 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The petitioner was sentenced by the United States District Court for the Western District of Louisiana on March 2, 2000 to

1

300 months imprisonment. Thereafter he was to be placed on supervised release for five years. (See 99-20028-09).

Following submission of a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), by unpublished decision dated April 12, 2001, the petitioner's direct appeal was dismissed by the United States Fifth Circuit Court of Appeals for lack of jurisdiction. Specifically, the Fifth Circuit found that the district court was without authority to grant the petitioner's motion to file an untimely notice of appeal as the request was made after the 40 day period prescribed an F.R.A.P 4(b)(4). Therefore, the appellate court was without jurisdiction to consider the petitioner's direct appeal. (See 2:99-cr-20028–09 [Doc. 389]).

On June 11, 2001, the petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 in the United States District Court for the Western District of Louisiana. The petitioner asserted two grounds for relief: (1) that he received ineffective assistance of counsel due to counsel's failure to filed a timely notice of direct appeal; and (2) that his sentence was in violation of the decision in **Apprendi v. New Jersey**, 530 U.S. 466 (2000). Following an evidentiary hearing, and Report and Recommendation, the District Court found that as a result of the petitioner's counsel's actions or inactions, the petitioner had been denied his right to direct appeal. Therefore, petitioner's judgment of conviction was reinstated on the court's docket so that he could be afforded the right to file an out-of-time direct criminal appeal and his § 2255 motion was dismissed without prejudice.

The petitioner's conviction and sentence were affirmed by the United States Fifth Circuit Court of Appeals on October 30, 2002. On appeal, the petitioner raised two arguments based upon the **Apprendi** decision. First, that the district court was bound by

2

the drug quantity alleged in the indictment and should not have used relevant conduct to increase the petitioner's sentencing guideline range. Second, that the fact of prior convictions should not have been used to increase his sentence under the guidelines. The petitioner's request for writ of certiorari was denied by the United States Supreme Court on January 13, 2003.

On January 5, 2004, the petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his federal sentence. On March 4, 2004, the petitioner filed a supplemental pleading asserting the following grounds for relief: (1) that his indictment was defective and that counsel was ineffective because he induced petitioner to plead guilty to this defective indictment; (2) that his counsel was ineffective because counsel permitted petitioner to plead guilty to an ambiguous plea agreement prior to preparation of a pre-sentence investigation report, which agreement did not mention career offender enhancement, firearm enhancement, crack as opposed to powder cocaine or an amount of drugs over that listed in the indictment or the specific count of the indictment to which petition pleaded guilty, thus permitting him to be sentenced for a more serious offense than was stipulated; (3) that his counsel was ineffective because Amendment 591 of the Sentencing Guidelines should be applied retroactively to him; (4) that his counsel was ineffective because counsel incorrectly advised petitioner that the substance at issue was powder rather than crack cocaine, and that his maximum sentence would be 123 months; (5) that counsel was ineffective because counsel failed to object to an alleged breach of the plea agreement, that is, that petitioner would not be prosecuted for other offenses charged in the indictment to which petitioner did not plead guilty, and that counsel failed to demand specific performance of the plea agreement in order that petitioner be sentenced for the

amount of drugs for which he pleaded guilty or to which he stipulated his responsibility; (6) that counsel failed to object to sentencing petitioner based on enhanced penalties applicable to crack, instead of powder cocaine, because the enhanced penalties applicable to crack were not set forth in the plea agreement as required by FRCP 32; (7) that counsel was ineffective because counsel failed to investigate whether the substance petitioner possessed was actually crack cocaine; (8) that counsel was ineffective for failing to investigate the circumstances surrounding petitioner's prior aggravated escape conviction and a request a hearing on same, and for failing to object to the use of this prior conviction in determining petitioner's status as a career offender; (9) that counsel was ineffective for failing to object to petitioner's sentence which was allegedly based on the wrong statutory and guideline provisions; and (10) that appellate counsel was ineffective for failing to assert a claim of "illegal sentence" on appeal.

On July 30, 2004, the United States Magistrate Judge issued a Report and Recommendation in which he recommended that all of the petitioner's claims be denied as second or successive, except his claims of ineffective appellate counsel and that trial counsel failed to object to sentencing based on drug amounts which were not stipulated in the plea agreement. Moreover, after thorough consideration of these remaining two claims, the United Sates Magistrate Judge recommended that those grounds be denied and dismissed with prejudice as well. On August 30, 2004, the United States District Judge adopted the Report and Recommendation and ordered the petition denied and dismissed with prejudice.

On August 15, 2008, petitioner filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 arguing he should be released from custody on three grounds. [Doc. 1].

4

First, he alleges that his guilty plea was obtained in violation of the Constitution and laws of the United States because it was entered into unknowingly. In support of this allegation, the petitioner asserts that the District Judge imposed a consecutive sentence as the result of the deception of the United States government and the District Court erroneously used a statement made by the petitioner during a meeting between himself and the U.S. Government.

Second, the petitioner alleges the United States Government breached the petitioner's guilty plea agreement in violation of the constitution and laws of the United States under the Due Process Clause. In support of this allegation, the petitioner asserts that the government stood silent while the Court imposed a consecutive sentence taking him above the minimum guidelines sentence contained in the agreement. Petitioner further asserts that the U.S. Attorney had promised the petitioner that his pending drug case would not be discussed during the meeting that included the FBI and that his statement concerning drugs would not be used against him. Additionally, the petitioner asserts that the U.S. Attorney improperly used his statement concerning a kilo of crack.

The petitioner's third allegation is that the supervised release statute violates the federal probation act and the decisions of the United States Supreme Court because supervised release is nothing more than probation disguised under another moniker. As relief, the petitioner seeks an order for his immediate release from federal custody.

## **PETITIONER'S OBJECTIONS**

On November 6, 2008, petitioner filed his objections to the Magistrate's Report and Recommendation [Doc. 10]. Petitioner objects to the R&R on the following grounds: (1) he is entitled to challenge his sentence under § 2241 because he meets the §2255 savings

clause and a § 2241 petition is the proper filing to challenge the 'manner in which his sentence is executed' ([Doc. 10] at 3); (2) petitioner was sentenced, appealed, and his appeal was denied prior to the time the **Blakely v. Washington**, 542 U.S. 296 (2004), and **United States v. Booker**, 542 U.S. 220 (2005), decisions were issued and; therefore, he was denied the opportunity to challenge his sentence based on the law as set out in those opinions ([Doc. 10] at 3, 5-6); (3) that the prosecutor breached the plea agreement and that petitioner could not challenge that breach under a § 2255 motion (Id. at 4); (4) that the Court has the authority to grant a § 2241 writ (Id. at 6); and (5) that supervised release is actually just a misnomer for federal probation, and because it is a misnomer it is a breach of the plea agreement (Id. at 7). The Court will address each objection in turn:

1.  A claim that the petitioner was sentenced in violation of his constitutional rights is not cognizable under § 2241. See **In re Jones**, 226 F.3d 328 (4th Cir. 2000). A motion filed under § 2241 must pertain to "an applicant's commitment or detention," not the imposition of his sentence. Here, petitioner is clearly seeking to have his sentence vacated or modified as he is asking the Court to grant his writ and release him from federal custody. Petitioner's claim would be properly brought under § 2255.

Here, however, plaintiff has already filed a § 2255 petition which was denied by the Court; and petitioner fails to meet the requirements of the § 2255 savings clause because he cannot show that his §2255 motion was "inadequate and ineffective to test the legality of [his] conviction." **In re Jones**, 226 F.3d 328, 333 (4th Cir. 2000). As laid out in the Magistrate's Report and Recommendation, a petitioner must meet three requirements before the savings clause is satisfied:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-34. Here, it is clear that petitioner cannot meet the requirements of the § 2255 savings clause because violation of 21 U.S.C. § 841(a)(1) is still a criminal offense. He has not, therefore, shown that a § 2255 is an inadequate or ineffective remedy and has improperly filed a petition under § 2241.

2. A petitioner is allowed to file a successive § 2255 motion where the claim sought to be raised presents: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255; *see In re Jones*, 226 F.3d at 330.

Here, the only grounds petitioner presents that he should be allowed to file a successive § 2255 is that he was sentenced, appealed, and his appeal was denied, prior to time that the ***Blakely v. Washington***, 542 U.S. 296 (2004), and ***United States v. Booker***, 542 U.S. 220 (2005), decisions were issued and; therefore, he was denied the opportunity to challenge his sentence based on the law as set out in those opinions ([Doc.

10] at 3, 5-6). As neither **Blakely**, nor **Booker** applies retroactively, this argument fails. See **United States v. Morris**, 429 F.3d 65 (4th Cir. 2005).

3.	Petitioner's argument that a §2241 petition is the proper mode in which to challenge the alleged breach of the plea agreement by the prosecutor is without merit. A breach of the plea agreement would go to petitioner's sentence, and not to the manner in which it was carried out. (*See*, 1, *supra*).

4.	Petitioner objects to the R&R on the basis that the Court has the authority to grant a § 2241 writ ([Doc. 10] at 6); the R&R, however, does not state to the contrary. It appears to the Court that petitioner is confused by the Magistrate Judge's finding that the Court cannot consider petitioner's §2241 petition as it should have been brought under § 2255; and were it brought under § 2255 the Court could still not consider the merits as it would be barred as successive and not subject to the savings clause. To the extent, therefore, that petitioner is objecting to the finding that the Court is without the authority to consider the petition as it is improper, the Court **OVERRULES** petitioner's objections on those grounds.

5.	Finally, petitioner objects that supervised release is actually just a misnomer for federal probation and argues that because it is a misnomer it is a breach of his plea agreement ([Doc. 10] at 7). Here again, the Court cannot consider petitioner's argument on the merits as any allegation that there was a breach of the plea agreement would go to petitioner's sentence, and not to the manner in which it was carried out. (*See*, 1, *supra*).

Based on the reasoning above, the Court finds that petitioner's objections are without merit and should be **OVERRULED** and the Magistrate's Report and

8

Recommendation **ADOPTED**.

## **CONCLUSION**

For the reasons stated above:

1. The Magistrate Judge's Opinion/Report and Recommendation [Doc. 6] is **AFFIRMED** and **ADOPTED** as it recommends petitioner's § 2241 petition [Doc. 1] be denied and dismissed with prejudice.

2. Petitioner's § 2241 [Doc. 1] is hereby **DENIED** and **DISMISSED with prejudice** and **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to all counsel of record herein and to mail a copy to the *pro se* petitioner.

**DATED**: April 28, 2009

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE